ORIGINAL

**OFFICE OF THE IMPARTIAL ARBITRATOR**

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

---------------------------------------------------------------------x

**In the matter of the Arbitration between**

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde, and David Meberg, as Trustees,

**Petitioners,**

**OPINION AND AWARD OF ARBITRATOR**

-against-

GAZETTEN CONTRACTING INC.,

**Respondent.**

---------------------------------------------------------------------x

**APPEARANCES:**

For the Funds:

Steven Kasarda..............Attorney
Luke Powers...................Audit Manager
Tomasina Caba..............Legal Assistant
Kathleen Flannelly.........Legal Assistant
Daniel Ryan IV.............. Executive Assistant
Omar Girdani..................Outside Auditor
Neil Alexis.....................Outside Auditor
Catherine O'Doherty........ Intern
Adam Salzar..................... Intern
Jarrod Ernst....................... Intern

For the Employer:

Richard Last............. Attorney

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 7/1/02, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claims arising from

payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent for the audit period 7/1/02 through 12/31/04, and that the Funds are unable to ascertain the amount of contributions due it for the period 1/1/2005 to date as the Respondent has not allowed an audit of its books as required by the collective bargaining agreement.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 8/26/05 regarding the claim of monies due the Funds, and the Notice of Intention to Arbitrate dated 5/2/07 to permit the Funds to audit the Respondent's books and records for the period 1/1/2005 to date. Thereafter the undersigned by Notice of Hearing scheduled a hearing for 10/14/05 which was adjourned to the following dates: 11/15/05, 6/26/06, 9/26/06, 11/29/06, and 1/17/07, wherein a hearing was convened in order to determine the dispute between the parties.

Subsequently to the 1/17/07 hearing, counsel for the Respondent requested that a determination be held in abeyance in order to allow a collateral issue being heard in the New York State Supreme Court regarding a preliminary injunction and temporary restraining order by plaintiffs J M Installers Inc. and Scanga Woodworking Corp. against defendant Gazetten Contracting Inc., regarding the defendant's "vouching - in - notices" to require the aforementioned plaintiffs to participate and indemnify the defendant in this arbitration proceeding.

The Arbitrator consented to the Respondent's counsel's request to withhold a decision until the aforementioned court issued its decision which occurred on 3/30/07 wherein the Court granted the plaintiffs a preliminary injunction and temporary restraining order for the vouching -

in - notices on behalf of the defendant in this arbitration at hand ( Supreme Court NYS, Putnam County Index 2556/2006 J.S.C. Andrew P. O'Rourke).

Accordingly a final hearing in this instant matter was convened on 7/10/07 at which time counsel for the Respondent represented to the Arbitrator that for the last several months he has attempted through various methods, i.e., telephone, mail, e-mail, to communicate with the principals of the company, but to no avail.

This attorney, Richard Last, further stated he has no direction or authority granted to him by the principals of the company to develop a defense for the Respondent's position as a result of their failure to communicate with him.

R. Last, Esq. also maintained he has not been paid by the Respondent and requested that he be relieved of representing the Respondent and not be included in any further proceedings regarding this Respondent.

Counsel for the Petitioners states it has been extremely cooperative with counsel for the Respondent in connection with its requests for adjournments as well as consenting to its request to hold this Arbitrator's decision in abeyance while the Respondent's counsel defended an action regarding the aforementioned court case and the vouching - in - notice issue. Nonetheless it seeks an award against the Respondent to pay delinquency assessment, interest on its delinquency, an attorney's fee to the Petitioners, the fee of the undersigned Arbitrator, court costs, and audit fees all in accordance with the terms and provisions of the collective bargaining agreement

**ISSUE:**

"Whether the Respondent Employer, Gazetten Contracting Inc., violated Article 8 of the CBA by its failure to pay the alleged delinquent fringe benefit contributions for the period 7/1/02 through

12/31/04? And whether the Respondent is obligated to provide any and all books and records requested by the Benefit Funds Office for the audit period 1/1/2005 to date? And if so, what shall the remedy be?"

**OPINION**

The Arbitrator finds the undisputed evidence during the course of these hearings established that the Respondent was signatory to a CBA with the NYC District Council of Carpenters during the audit period 7/1/02 through 12/31/04. And during the course of an audit by the Funds it was found that the Respondent had subcontracted work to companies that were not signatory to a CBA with the District Council of Carpenters, and failed to notify the District Council of Carpenters regarding said subcontracted work which is in clear violation of the CBA, specifically Article 8, Section 1 and 2.

The Respondent had claimed that the companies it subcontracted work to represented that they were "union" at the time, and as a result it should not be responsible for Benefit Fund claims for which it had already paid in a lump sum manner to the other companies referenced in this hearing i.e., J M Installers Inc. and Scanga Woodworking Corp.

The Arbitrator finds the Respondent's representations are unpersuasive and do not absolve it of its contractual obligations under the CBA. The Arbitrator can not be expected to accept the Respondent's oral claim that the subcontractors it used represented themselves as "union" as it was the Respondent's obligation to have examined and verified that its subcontractors had a signed labor agreement with the NYC District Council of Carpenters and to have first notified the Carpenters Union before it subcontracted a significant amount of work.

Accordingly the Arbitrator finds in favor of the Petitioners.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Gazetten Contracting Inc., is delinquent in Fringe Benefit monies for the audit period 7/1/02 through 12/31/04 due under its written agreement and is also obligated to pay delinquency assessment, interest on its delinquency, the Petitioners attorney fees, the fee of the undersigned Arbitrator, court costs, and audit fees all in accordance with the terms and provisions of the collective bargaining agreement in the following amounts:

| | |
|---|---|
| **Principal.....................................** | **$96,463.31** |
| **Interest and liquidated damages...........** | **$90,439.00** |
| **Promotional Fund..................................** | **$421.96** |
| **Attorney fee............................................** | **$1,500.00** |
| **Arbitration Costs ....................................** | **$2,000.00** |
| **Court Costs ............................................** | **$350.00** |
| **Audit Costs ..............................................** | **$1,450.00** |
| **Total .......................................................** | **$192,624.27** |

In addition the Arbitrator orders this Respondent-Employer within ten days of receipt of this award to forthwith produce any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the audit period 1/1/2005 through date, to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds.

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of One Hundred Ninety-two Thousand Six Hundred

Twenty-four and 27/100 dollars ($192,624.27) which is to be paid forthwith by Gazetten Contracting Inc. with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
July 16, 2007

ROGER E. MAHER, Arbitrator

To: Steven Kasarda, Esq.
General Counsel
New York District Council Of Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014

Gazetten Contracting Inc.
110 Stewart Avenue
Hicksville, New York 11801
Attn.: Mr. Joseph E. Van Etten, Chairman

Richard Last, Esq.
Foreht Last Landau & Katz, LLP
228 East 45 Street 17 floor
New York, New York 10017

Ms. Tomasina Caba
New York District Council Of Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014

**AFFIRMATION**

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

ROGER E. MAHER